UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS BELTRAN-VEGA,<br><br>Defendant. | Case No. 4:15-cr-00092-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Carlos Beltran-Vega's Motion for Compassionate Release. Dkt. 89. The Government opposes the motion. Dkt. 92. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In 2015, Beltran pled guilty to possession with intent to distribute methamphetamine and was sentenced to 135 months incarceration. Beltran was arrested after officers began investigating information that he was involved in drug trafficking with his codefendants. *PSR*, Dkt. 55. Beltran was held responsible for 214 grams of methamphetamine mixture, 1.1 kilograms of heroin, and 1.3 kilograms of actual methamphetamine. *Id.*

**MEMORANDUM DECISION AND ORDER - 1**

Beltran was in the country illegally when he was arrested. He has previous felony convictions for conspiracy to distribute crack cocaine and identity theft.

Beltran has served 71 months of his sentence. His projected release date is March 7, 2025. Beltran is currently incarcerated at FCI Oakdale II, which has no inmates and 15 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed March 11, 2021).

Beltran is 59 years old and suffers from a variety of medical conditions, including asthma and high blood pressure, which put him at greater risk of severe complications from COVID-19. Beltran contracted COVID on January 14, 2021, was asymptomatic, and has recovered. Dkt. 92-1.

## LEGAL STANDARD

Beltran seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680

MEMORANDUM DECISION AND ORDER - 2

(N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Beltran requested compassionate release from the Warden of his facility, which was denied on December 31, 2020. Therefore, his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Beltran's sentence. Beltran did not meaningfully discuss the § 3553(a) factors as they apply to him. Beltran has served only 71 months of his sentence. Beltran and his codefendants sold significant quantities of methamphetamine in eastern Idaho. The Court has considered Beltran's post-sentence conduct and medical history and finds that they do not significantly alter the § 3553(a) analysis.

Beltran's health conditions may constitute extraordinary and compelling circumstances, but they do not outweigh the § 3553(a) analysis. Further, Beltran contracted COVID, was asymptomatic, and recovered. FCI Oakdale II currently has no inmates with active COVID infections. Finally, BOP is actively distributing vaccines.

## ORDER

**IT IS ORDERED** that Carlos Beltran-Vega's Motion for Compassionate Release (Dkt. 89) is DENIED.

DATED: March 15, 2021

B. Lynn Winmill
U.S. District Court Judge